McDOWELL *v.* WARDEN OF MICHIGAN REFORMATORY AT IONIA.

1. PRISONS—REFORMATORIES—STATE—ACTIONS.

Act No. 219, Pub. Acts 1911, repeals the provisions of section 2091, 1 Comp. Laws, authorizing the wardens of State prisons to be sued.

2. SAME—PARTIES—WARDEN.

An action against the warden of the Michigan reformatory at Ionia for breach of a contract, made in his official capacity, is an action against the State.

3. SAME.

The State can only be sued with its consent granted by a legislative act.

4. SAME—CONSTITUTIONAL LAW.

And its consent may be withdrawn at any time without impairing contractual rights.

5. SAME.

On repeal of a statute authorizing suit against the State, the court in which an action against the State as defendant is pending can proceed no further.

6. SAME—APPEAL AND ERROR—DISMISSAL.

Where the repealing act took effect after the rendition of judgment, in an action of assumpsit against the warden of a State reformatory, the case will not be dismissed on defendant's motion to terminate all proceedings in the cause or upon the judgment, made in the Supreme Court, to which it was removed by writ of error; since the only method of procedure would be to dismiss the writ of error, leaving the judgment in force, if the amendment of the statute deprives the court of jurisdiction to proceed.

Assumpsit by Joseph S. McDowell against Otis Fuller, warden of the Michigan reformatory at Ionia. On motion of defendant and appellant to dismiss the cause of action. Submitted December 8, 1911. (Calendar No. 24,591.) Motion denied March 29, 1912.

*Franz C. Kuhn*, Attorney General, and *Thomas A. Lawler*, Assistant Attorney General, for the motion.

*Smith, Baldwin & Alexander* (*Alfred A. Cook, Charles K. Allen*, and *Standish Chard*, of counsel), *contra.*

Steere, J. The questions involved in this controversy are presented by a motion of the attorney general in behalf of the State of Michigan and defendant Fuller to dismiss said action and all proceedings in connection therewith, and to enter an order determining that plaintiff is now without authority to proceed further to collect a judgment heretofore rendered therein. The motion is founded on the repeal of section 2091, 1 Comp. Laws, under authority of which statute said suit was brought and prosecuted to judgment in the circuit court of Jackson county.

The plaintiff is assignee of the firm of Edward Wallenstein Company, which on December 17, 1897, entered into a contract with defendant Otis Fuller, warden of the Michigan reformatory at Ionia, for the manufacture of shirts and employment of prison labor in that institution, said contract to continue for the period of 10 years, ending May 1, 1908. Subsequently, and before the expiration of the contract period, the board of control of said reformatory declared said contract forfeited and terminated the same, defendant, under direction of said board, forcibly ejecting said company, with all its tools and appliances, from said institution. Shortly thereafter suit was begun to recover damages for breach of said contract in the circuit court of Ionia county. That suit was discontinued March 18, 1904, and shortly thereafter suit was again commenced in the circuit court of Wayne county, from whence, under the provisions of the statute applicable thereto, it was transferred to the circuit court of Jackson county, where it was tried in April, 1910. The case was tried before a jury, and occupied in the neighborhood of three weeks; a verdict and final judgment in

favor of the plaintiff for $22,000 being rendered and entered on April 23, 1910. Sixty days' time was granted to defendant to settle a bill of exceptions, which was extended by the court from time to time against objection the bill of exceptions finally being settled and signed on May 25, 1911. A writ of error was sued out removing the case to this court. The record has not yet been printed.

In the meantime the legislature passed Act No. 219 of the Public Acts of 1911, amending said section 2091, under which this suit was authorized, in effect repealing the same in so far as the right to bring an action against the warden of the prison, as such, is concerned.

That the right to sue was withdrawn is manifest by a comparison of the relevant portions of the two laws, which are as follows:

"All the fiscal transactions and dealings on account of each prison shall be conducted by and in the name of the warden thereof, who shall be capable in law of suing and being sued in all matters concerning the said prison, by his name of office; and by that name he is authorized to sue for and recover all sums of money, or any property due from any person to the state on account of any business pertaining to the prison in his charge."

"All the fiscal transactions and dealings on account of each prison shall be conducted by and in the name of the warden thereof, with the consent and approval of the board of control. Whenever in the judgment of the warden it is necessary to institute any proceeding against any person, firm or corporation, for the recovery of any sum of money due the institution, or to protect the rights thereof, he shall lay the matter before the board of control and if the said board shall deem such proceeding necessary, the warden shall be authorized with the approval of the attorney general to institute same in his own name and shall be represented in such proceeding by the attorney general."

The reasons urged in support of this motion by the attorney general are briefly stated as follows:

"(1) That the statute which authorized plaintiff to institute the suit against the warden of the Michigan reformatory is repealed.

"(2) That the repeal of the statute which conferred jurisdiction to proceed against the warden of the Michigan reformatory operates to terminate all actions and proceedings pending under the repealed statute.

"(3) That the suit against the warden is a suit against the State, and the right to sue is a privilege which the State may withdraw at any time.

"(4) The repeal of section 2091, 1 Comp. Laws, does not violate the obligation of any contract."

The propositions urged against said motion by plaintiff's counsel are thus stated:

"(1) This is not an action against a sovereign State.

"(2) The judgment is a vested right which cannot be disturbed by legislation, being protected by the Constitution of the United States.

"(3) The only way in which the present appeal can be affected by the legislation relied upon is to withdraw jurisdiction from this court, in which case the judgment below remains unaffected."

The first question naturally arising, which would be a final one in this inquiry if determined in the negative, is whether this suit is in legal effect against the State. The State is not named as a party in the action.

It is contended in behalf of plaintiff that this cannot be presumed to be an action against a sovereign State; that the State is not named as a defendant, and, where jurisdiction depends on the party, the record must govern; that, even though the defendant assumed to act in his official capacity as a representative of the sovereignty, if his acts were tortious, in violation of law and without authority from the State, he became liable as a private individual, and the action is in fact as well as form against him and not the State.

It was formerly held in this State and elsewhere that in cases where jurisdiction depends on the parties the record must control (*Michigan State Bank* v. *Hastings*, 1 Doug. 225 [41 Am. Dec. 549]; *Osborn* v. *U. S. Bank*, 9 Wheat.

[U. S.] 738); but it has long since been well settled by abundant authority that the courts can and will look through and beyond the nominal parties on a record to determine who are the real parties in interest to a suit.

In so far as appears from what is presented in this motion, defendant Fuller is sued and declared against as "warden of the Michigan reformatory," not as a private individual but as a State official, touching a contract made by him in his capacity as such warden and while acting as agent of the State, under statutory authority, in charge of one of its penal institutions. It is asserted in the attorney general's brief, and not denied, that the case was tried and treated by plaintiff's counsel in the trial court as a case against the State, for which reason the trial court, with consent of plaintiff's counsel, required no bond to stay execution on writ of error. Defendant is sued "by his name of office " under authority of the same act which empowered him to make the contract for the State. He is not claimed to have acted, and is not sued, as a private individual. His participation in terminating the contract in question was in an official capacity, as warden, by authority of the board of control of said institution, a legally constituted agency of the State, under whose direction he conducted the affairs of the institution.

While the contract purports to be the contract of the warden, and he is the nominal party defendant, it was in truth a contract with and for this State, negotiated by and through him as its agent, thus making this action intrinsically against the State of Michigan. *State* v. *Mortensen*, 69 Neb. 376 (95 N. W. 831, 5 Am. & Eng. Ann. Cas. 291); *Hopkins* v. *Agricultural College*, 77 S. C. 12 (57 S. E. 551); *Mills Publishing Co.* v. *Larrabee*, 78 Iowa, 97 (42 N. W. 593); *Hagood* v. *Southern*, 117 U. S. 52 (6 Sup. Ct. 608); *In re Ayres*, 123 U. S. 443 (8 Sup. Ct. 164); *Pennoyer* v. *McConnaughy*, 140 U. S. 1 (11 Sup. Ct. 699); *Ambler* v. *Auditor General*, 38 Mich. 746; *McElroy* v. *Swart*, 57 Mich. 500 (24 N. W. 766); *Wheeler* v. *Board of Control*, 137 Mich. 291

(100 N. W. 394); *Pitcock* v. *State*, 91 Ark. 527 (121 S. W. 742, 134 Am. St. Rep. 88); *Thomas* v. *State*, 16 Idaho, 81 (100 Pac. 761); 13 Enc. Pl. & Prac. p. 654; 36 Cyc. p. 915. The State is sued in the name of its officer and agent by his "name of office" under express permission and authority granted by said section 2091, without which the suit could not have been so instituted. Act No. 219, Pub. Acts 1911, amending said section, took away both the independent right of the warden to sue others and all right of others to sue him, and to that extent repealed in terms said section.

Amendments operate as repeals to the extent that they are repugnant to, or are inconsistent with, the original act. *Breitung* v. *Lindauer*, 37 Mich. 217; *People* v. *Bussell*, 59 Mich. 104 (26 N. W. 306); *Attorney General* v. *Amos*, 60 Mich. 372 (27 N. W. 571); *Attorney General* v. *Commissioner of Railroads*, 117 Mich. 477 (76 N. W. 69).

It is a long established and well recognized principle of sovereignty that a State cannot be sued without its consent, granted by legislative enactment.

The State is at liberty to determine for itself whether it may be sued and in what manner. Laws governing such consent may be repealed at any time, and, as a general rule, upon repeal of a statute authorizing suit against a State, not only can no suits thereafter be brought, but the court in which suit against a State is pending can proceed no further. This principle has been more than once recognized and announced in decisions of this court, and is thus stated in sweeping terms by Justice Campbell in *Board of Supervisors of Sanilac County* v. *Auditor General*, 68 Mich. 659 (36 N. W. 794), as follows:

"But there can be no doubt of the power of the State legislature to refuse to perform even a contract, and, where it forbids the application of money in the State treasury to any particular use, no court can interfere. The State is not liable to suit except as it authorizes a suit, and this authority can be revoked at pleasure. This is such elementary doctrine that it only needs statement."

This, however, was said in a mandamus proceeding involving a statutory right and before judgment. In *Wheeler* v. *Board of Control, supra,* it was said:

"The right to sue and be sued conferred upon the board by the original act did not form a part of the contract. The State may grant the right to bring suit against it, and it may at any time take that right away, without impairing the obligation of its contracts."

This was said in a suit brought against the defendant board upon a contract for installing a heating plant in the State public school at Coldwater. When the contract was made, the board was, by statute, a corporate body capable of suing and being sued. Subsequently, and before suit was brought, the legislature took from the board its corporate powers and the right to sue and be sued. Numerous authorities from many jurisdictions are cited upholding this general rule, but in most of them we observe that the legislation became operative before the cases had passed to judgment. In the attorney general's brief it is said:

"The law seems well settled that in the present case all proceedings are terminated. * * * There is now no statute under authority of which the judgment can be enforced. If the case were pending in the circuit court, it would have to be dismissed, as that court would not be able to find jurisdiction to act. The same rule is applicable to this court. It is a question involving jurisdiction, and the legislature has destroyed and taken away whatever jurisdiction was ever possessed by any court to hear, try, and determine this cause. * * * We believe that plaintiff is without authority to proceed further, and that an order should be entered in this court dismissing the case."

Counsel for plaintiff contend, citing numerous authorities, that a judgment, not founded on tort or rights of a purely statutory origin, but resting on certain common-law contractual relations, is a vested right, protected by the Constitution, which cannot be taken away or impaired by any subsequent legislation, whether the judgment be

against the State or a private individual; and in conclusion they ask that this motion as a whole be denied, but add that they are agreeable to the contention of the attorney general that jurisdiction is withdrawn from this court by said Act No. 219, Pub. Acts 1911, and that "all proceedings are terminated." In harmony with such view of the case they freely consent that the writ of error be dismissed, leaving the case to stand as though the same had never been issued. To this the attorney general replies in the supplemental brief:

"We feel sure the court will not be misled by the stress laid upon one sentence taken from our brief filed in support of this motion. * * * This court is moved 'to dismiss this cause and all proceedings thereunder and incident thereto and to enter an order determining that the said plaintiff is without authority to proceed further with the cause or attempt to collect the judgment heretofore rendered,'" etc., and requests that said motion as made be granted or denied.

If the motion is denied, leave is asked to print the record and proceed with the case in this court.

If the claim that this court is divested of jurisdiction by said amendment is well founded, we think that the court could go no further than to arrest all further proceedings and dismiss the writ of error. It cannot consistently dismiss a case because deprived of jurisdiction and at the same time exercise jurisdiction in passing upon the force of a judgment previously rendered in the same case in the trial court.

We therefore cannot grant this motion *in toto* as asked, and it is denied, with costs.

McAlvay, Brooke, Stone, and Ostrander, JJ., concurred.