Tate, Treasurer, &c., v. Salmon, &c.

---

CASE 113—EQUITY—NOVEMBER 8, 1881.

## Tate, Treasurer, &c., v. Salmon, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. The commonwealth cannot be sued in her own courts without special legislative authority, and parties will not be allowed to evade this rule by ignoring the commonwealth in their suits, and proceeding directly against the public officer having the custody of the fund sought to be reached.

2. The act of the general assembly, requiring of the Piedmont and Arlington Insurance Company a deposit of $10,000 for the benefit of its policy-holders in this state, failing to make any provision for the disposal of the fund, the State Treasurer cannot dispose of it or be compelled to do so by order of any court until there be further legislative authority.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANTS.

Neither the state nor her officers as such can be sued without an act of the legislature authorizing it. (Rolle, ass'e, v. Andes Ins. Co., 23

Gratt., 509; Divine v. Harvie, 7 Mon., 439; Tracy & Loyd v. Hornbuckle and wife, 8 Bush, 336; Rodman v. Musselman, 12 Bush, 354; 30 Grattan, 72.)

OWEN & ELLIS FOR APPELLEES.

1. This being the first suit brought for a distribution of the fund in controversy, the court in which it was brought acquired jurisdiction over the fund, and may distribute it.  (Secs. 72 and 210, Civil Code.)

2. The state is not a party to this action and has no interest in it; therefore an act of the legislature authorizing the suit was not necessary.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

By section 47 of an act of the general assembly, entitled "An act to establish an Insurance Bureau," approved March 10, 1870, it is provided as follows: "When, by the laws of any other state, any taxes, fines, penalties, deposits of money or of securities, or other obligations, prohibitions, or requirements are imposed upon insurance companies organized or incorporated under any general or special law of this state, and transacting business in such other state, or upon the agents of such insurance company greater than those imposed upon similar companies by the laws of this state, or when such laws of other states shall require insurance companies of this commonwealth to deposit money or security for the benefit or protection of citizens of such other states, or when the laws of any other state, or the officers thereof, shall prohibit companies of this commonwealth from transacting business in said state without a special examination of said companies, or a computation of their liabilities by the officers of said state, the same taxes, fines, penalties, deposits, examinations, obligations, and requirements shall be imposed upon all insurance companies doing business in this state which are incorporated or organized under the laws of such state, and upon their agents."

It appears that the legislature of the state of Virginia passed a law requiring every life insurance company organized or incorporated under laws of other states, before doing business in that state, to deposit with the treasurer thereof securities of the cash value of at least ten thousand dollars. It therefore became the duty of the Insurance Commissioner of this state, under section 47 just quoted, to require the Peidmont and Arlington Life Insurance Company, a corporation created by law of Virginia, to deposit like securities with the Treasurer of this state before, and as a condition of, doing business here; and accordingly such deposit was made.

This action was brought in the Daviess circuit court by appellee Salmons against James W. Tate, Treasurer of this state, and others, for the purpose of compelling him to deliver that fund to the commissioner and receiver of that court, to be paid and distributed, under orders of the court, to the holders of policies of insurance issued by the Piedmont and Arlington Company.

It is alleged in the petition that appellee and others hold such policies of insurance, and have duly paid the premiums thereon; that the company has violated its contract of insurance made with the policy-holders, forfeited its right to receive further premiums, and has become insolvent, and made an assignment of its property, which is in the hands of the receiver of a Virginia court.

The demurrer to the petition filed by Tate, Treasurer, having been overruled, and the court having by an order required him to deliver the fund in his custody to the receiver of the court, he has appealed.

Tate, Treasurer, &c., v. Salmon, &c.

The only question necessary to decide is, whether this action can be maintained against the Treasurer of the state at all.

By section 6, article 8, of the constitution, it is provided, that "the general assembly may direct, by law, in what manner and in what courts suits may be brought against the commonwealth." But the general assembly has not seen proper to enact a general law authorizing such suits to be brought, or conferred upon any court of the state jurisdiction to control and distribute the fund in the custody of the Treasurer.

It has been repeatedly decided by this court that, in the absence of a law authorizing it, the state cannot be made a party-defendant or garnishee, and is not suable in her own courts; "that parties will not be allowed to evade this inhibition by ignoring the state in their suits, and proceeding directly against the public officer having the custody of the moneys sought to be reached." (Divine v. Harvie, 7 Mon., 440; Tracy v. Hornbuckle, 8 Bush, 336; Rodman v. Musselman, 12 Bush, 336.)

As no law has been passed by the general assembly for the disposal of the fund, it must remain in the custody of the Treasurer of the state subject to such use or appropriation as may hereafter be provided by law, and no suit to recover or dispose of the fund can be maintained until the general assembly shall direct in what manner and in what court it may be brought.

Wherefore, the judgment of the court below in overruling the demurrer to the petition, and directing appellant to pay the fund over to the receiver of that court, is reversed, and the cause remanded, with directions to dismiss the petition of appellee.