(March 3, 1909.)

J. H. THOMAS and D. M. FARIS, Partners Under the Firm Name and Style of THOMAS & FARIS, Plaintiffs, v. STATE, Defendant.

[100 Pac. 761.]

STATE NORMAL SCHOOL—BOARD OF TRUSTEES—RIGHT TO SUE AND BE SUED—CLAIMS AGAINST THE STATE—JURISDICTION OF COURT TO HEAR AND DETERMINE.

1. The state cannot be sued without its express consent, and this consent must be found either in the constitution of the state or legislative enactment.

2. Where the statute gives consent that the state may sue and be sued and prescribes the court in which actions, involving claims

against the state, must be brought, then such court is the only court having jurisdiction of such actions.

3. Under the statute, creating the Albion State Normal School, consent is given that the board of trustees may sue and be sued; and this, taken in connection with art. 5, sec. 10, of the constitution, gives jurisdiction only to the supreme court in actions involving claims against the state.

4. An action against the board of trustees of the Albion State Normal School to recover a money judgment is in fact an action against the state, as the board of trustees are the mere agents of the state in the administration of the affairs of such school.

5. The state board of examiners is given power, under sec. 18, art. 4 of the constitution, to examine all claims against the state except salaries or compensation of officers fixed by law; and such power cannot be exercised by a district court in entering judgment against the state, and thereby bind or control the action of the state board of examiners.

6. A judgment rendered in the district court against the board of trustees of the Albion State Normal School is in fact a judgment against the state, and is not sufficient as a claim to be filed against the state with the state board of examiners.

7. An action in this court against the state, based upon a judgment rendered in a district court of the state, fails to state a cause of action, and a demurrer thereto will be sustained.

(Syllabus by the court.)

An original proceeding in this court for a recommendatory judgment. *Action dismissed.*

K. I. Perky, for Plaintiffs, files no brief.

D. C. McDougall, Attorney General, J. H. Peterson, and Morrison & Pence, for Defendant.

There is no question but what the judgment of the district court against the trustees of the Albion State Normal school, though invalid, was a judgment against the state of Idaho. (*Board of Public Works v. Gannt,* 76 Va. 455; *Alabama Girls' Industrial School v. Reynolds,* 143 Ala. 579, 42 So. 114.) The state cannot be sued in the courts of the state without her consent; as this cannot be done directly, so it cannot be done indirectly by suing, for example, an agent of the state as nominal defendant in an action really

involving the interests of the state. (*Printup v. Cherokee R. R. Co.*, 35 Ga. 365; *Tate v. Salmon*, 79 Ky. 540; *Treasurer v. Wygall*, 46 Tex. 447.)

"Where jurisdiction over a particular subject matter is conferred in express terms by the constitution of a state upon one court and not upon another, it will be presumed that it was-the intention that the jurisdiction thus conferred should be exclusive." (11 Cyc. 982; *Armstrong v. Mayer*, 16 Neb. 423, 83 N. W. 401; *Messner v. Giddings*, 65 Tex. 301.) Sec. 10, art. 5 of the constitution, is the only authority in the constitution authorizing an action against the state. (*Hollister v. State*, 9 Ida. 13, 71 Pac. 541.)

"Where the state prescribes the mode by which it can be sued, this mode must be strictly followed, even as to apparent nonessentials." (*Whaley v. Gaillard*, 21 S. C. 560; *Dunnington v. Ford*, 80 Va. 177.) "The state can be sued in its own courts only in the manner indicated by its consent." (*Hosner v. De Young*, 1 Tex. 764; *Commonwealth v. Dunlop*, 89 Va. 431, 16 S. E. 273.)

"There is no power in any of the state courts to entertain a suit brought against the state itself except authorized by the statute." (*Kiersted v. People*, 1 Abb. Pr. 385; *People v. Doe*, 36 Cal. 220; *People v. Miles*, 56 Cal. 401; *People v. Lee Chuck*, 74 Cal. 32, 15 Pac. 322; *Melvin v. State*, 121 Cal. 22, 53 Pac. 416.) "An act authorizing suits against the state being in derogation of its sovereignty must be construed strictly." (*Rose v. Governor*, 24 Tex. 496; *Chicago v. State*, 53 Wis. 509, 10 N. W. 560; *Ex parte Green*, 29 Ala. 52.)

STEWART, J.—J. H. Thomas and D. M. Faris, partners under the firm name and style of Thomas and Faris, made a contract with the board of trustees of the Albion State Normal School for the construction of a dormitory. Upon the completion of said contract a difference arose between the plaintiffs and the board of trustees as to the amount due, and the board of trustees declined to pay the amount claimed by plaintiffs. Upon the board of trustees declining to pay

the amount claimed by plaintiffs, plaintiffs commenced an action in the district court of the third judicial district for the amount claimed to be due and the board of trustees made no appearance in said case and a judgment by default was entered. After said judgment was entered, plaintiffs filed the same as a claim with the state auditor for presentation to and allowance by the state board of examiners and the state board of examiners disallowed the same; whereupon, plaintiffs brought this action in this court upon said judgment, for the purpose of securing a recommendatory judgment. In this court the state demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action, and also moved to strike out of the complaint all that part consisting of the certified copy of the judgment rendered in the district court. Upon this record two questions are presented for decision:

First: Did the district court of Ada county have jurisdiction to try said case and enter a money judgment against the board of trustees? Second: Was the judgment entered in the district court sufficient as a claim to be presented to the state board of examiners?

As to the first question, it is a well-recognized principle of state sovereignty that a state cannot be sued without its express consent, and this consent must be found either in the constitution of the state or legislative enactment. (*Hollister v. State,* 9 Ida. 8, 71 Pac. 541; 26 Am. & Eng. Ency. of Law, 486, and the authorities there cited; *Board of Public Works v. Gannt,* 76 Va. 455.) The rule also seems to be that the provision, by which it is claimed such consent is given, is to be strictly construed, and must be clear and unambiguous. (26 Am. & Eng. Ency. of Law, 487.)

If, then, the suit in the district court was an action against the state, in order to uphold the judgment rendered in that court, it is necessary to find express consent that the state might be sued in the manner therein attempted, either in the constitution of the state or legislative enactment. The act creating the Albion State Normal School, among other things, provides (Rev. Codes, sec. 517):

"The Albion State Normal School shall be under the direction of a nonpartisan board of trustees, consisting of six members—exclusive of the state superintendent of public instruction, who is *ex officio* a member of said board—no more than four of whom shall be of the same political party. Said board shall be known as the 'Board of Trustees of the Albion State Normal School.' "

Sec. 519 provides: "Said board of trustees may sue and be sued."

Sec. 520 provides: "The said board of trustees are hereby authorized, and it is made their duty, to take and at all times to have general supervision and control of all buildings and property appertaining to said normal school, and to have general charge and control of the construction of all buildings to be built. They shall have power to let contracts for building and completion of any such buildings, and the entire supervision of their construction."

From these statutory provisions the plaintiffs in this case claim that the district court of Ada county had jurisdiction to hear and determine any claim against the board of trustees arising out of a contract entered into with them; and that the judgment therein entered binds the state, and is sufficient as a claim to be presented to the state board of examiners for their allowance, and is a sufficient cause of action upon which suit may be maintained in this court for a recommendatory judgment, and that this court is concluded by such judgment.

On the other hand the defendant contends that while the state has given consent that suit may be brought against the board of trustees, yet consent is only given that the case may be brought in the supreme court of the state, when the action is a claim against the state.

It will thus be seen that in the act creating the Albion State Normal School it is provided that the board of trustees "may sue and be sued." This, it seems to us, is sufficient as an express consent by the legislature of the state that the board of trustees, acting for and in behalf of the state, may sue and be sued. This statutory provision, how-

ever, must be taken in connection with the provisions of the constitution, art. 5, sec. 10, as follows:

"The supreme court shall have original jurisdiction to hear claims against the state, but its decision shall be merely recommendatory; no process in the nature of execution shall issue thereon; they shall be reported to the next session of the legislature for its action."

Taking this provision of the constitution in connection with the statute creating the Albion State Normal School, it seems clear that while the legislature has given consent that the board of trustees "may sue and be sued," yet if the action be one in the nature of a claim against the state, then under the constitution consent is given, only that the same must be brought in the supreme court of the state.

In the case of *Hollister v. State,* 9 Ida. 8, 71 Pac. 541, this court had under consideration the question of the authority to sue the state and held: "Authority to sue the state must be expressed in its constitution or statutes"; and in considering the question further, after quoting sec. 10, art. 5 of the constitution, the court says:

"This is the only authority in the constitution authorizing an action against the state, and it must be admitted that this provision is not broad enough to cover this case."

While, then, the statute gives consent that the board of trustees "may sue and be sued," it also appears that such consent fixes the court in which actions involving a claim against the state must be brought, and confers exclusive jurisdiction upon the supreme court to hear and determine such actions. If this be true, then it follows that the district court has no jurisdiction of an action against the state which involves a claim against the state.

This position seems to be strengthened by the fact that no provision is made, either in the terms of the constitution or the statute, for the collection or payment of a judgment rendered against the state except that found in art. 5, sec. 10, of the constitution above. If it had been intended to vest power to enter a money judgment against the state in justice's, probate or district court, then it seems the legislature

would have made some provision as to the method of paying or satisfying such judgment. It must be conceded that a judgment rendered in the district court cannot be executed; that the property of the state cannot be levied upon or sold to satisfy such judgment, and no provision is made by which such judgment can be presented to the legislature for payment.

It was no doubt the intention of the legislature in creating the Albion State Normal School to give consent that the board of trustees might sue and be sued; yet this consent is modified by the constitution and vests jurisdiction only in the supreme court to entertain such suits where a claim is made against the state. It was no doubt the intention of the legislature in all other matters to provide that suits might be maintained against the board of trustees in any court having competent jurisdiction of the subject matter, but the provision of the constitution clearly intended to vest jurisdiction alone in the supreme court where the action was in the nature of a claim against the state.

An examination of the judgment rendered in the district court discloses that it is a money judgment against the board of trustees of the Albion State Normal School, and this brings us to a consideration of the question as to whether or not the action was against the state. The complaint in the district court was entitled: "J. H. Thomas and D. M. Faris, Partners, Under the Firm Name and Style of Thomas and Faris, Plaintiffs, v. Board of Trustees of the Albion State Normal School, a Corporation." The judgment rendered in that case was, "Do have and recover of the said defendant, The Board of Trustees of the Albion State Normal School, a corporation, the sum of Two Thousand Seven Hundred Eleven and 45/100 Dollars ($2711.45)." The action brought in this court upon this judgment is entitled: "J. H. Thomas and D. M. Faris, Partners, Under the Firm Name and Style of Thomas and Faris, Plaintiffs, v. The State of Idaho, Defendant."

The Albion State Normal School is a state institution; the board of trustees are the agents of the state in the conduct

of that institution with certain powers and authority. Any claim, made against such institution or its board of trustees, is a claim against the state and must be liquidated by the state. The board of trustees receive their authority and their powers and means to pay from the state. The state superintendent of public instruction, a constitutional officer, is a member of the board of trustees; the state treasurer is the treasurer of the board of trustees. The board of trustees are the mere agents of the state, created by the state for the purpose of exercising certain governmental functions for the state; and while they may be sued as such, if the action against them involves the recovery of money, the suit in fact is a suit against the state. A very clear discussion of this question may be found in the case of *Alabama Girls' Industrial School v. Reynolds,* 143 Ala. 579, 42 So. 114, in which the supreme court of Alabama says:

"If the suit instituted against it is practically and really against the state—if the judgment and decree obtained against it must be satisfied, if at all, out of the property held by it, and this property belongs to the state, though the title is *eo nomine* in the complainant as an agent of the state— then clearly to permit an action or suit against it would be doing by indirection that which cannot be done directly. In other words, if the complainant is a mere state agency—a representative of the state, instituted and maintained by the sovereignty for the exercise of a governmental function—a suit against it is a suit against the state."

The supreme court of the same state, again discussing this question in *White v. Alabama Insane Hospital,* 138 Ala. 479, 35 So. 454, says:

"Who doubts the right of the state to create a corporation for the management of an insane hospital, or a deaf and dumb asylum, or an institution of learning? And where they are created, who has the property interest in these institutions? Clearly the state. In the exercise of its right of sovereignty it established them for public purposes," etc. · . . . . "A mere cursory reading of the act establishing the defendant, and of the statutes passed since, will suffice to

show, without going into details, that it is a mere state agency created for the purpose of caring for and treating the unfortunate insane citizens of the state—purely a governmental function, wise and beneficial. . . . . This brings us to a consideration of the question whether the act incorporating the defendant authorized this character of suits to be maintained against it. It is true the act provides in general terms that it may be sued. But if legislative competency be conceded to exist to grant such an authorization, this one is insufficient as a grant of authority that it may be sued for every tort that may be committed by the officers, agents or servants.''

Many authorities are cited in this case and fully sustain the contention made by the state, that an action brought against an agent of the state, created purely for governmental functions, is in fact a suit against the state. The supreme court of Georgia has considered this question and in the case of *Printup v. Cherokee R. R. Co.*, 45 Ga. 365, held:

"The state of Georgia cannot be made a party defendant in a suit, in any court, except by consent of the proper authorities; nor can this be done so as to affect the rights of the state by making the agent of the state, appointed by its authorities, a party; and any judgment against such agent cannot affect the rights of the state, or affect its position.''

In the case of *Tate, Treasurer etc. v. Salmon*, 79 Ky. 540, the supreme court of Kentucky, in passing upon this question, holds:

"The commonwealth cannot be sued in her own courts without special legislative authority, and parties will not be allowed to evade this rule by ignoring the commonwealth in their suits, and proceeding directly against the public officer having the custody of the fund sought to be reached.''

The trustees of the normal school are clearly agents of the state and have no authority independent of the state to draw against the funds appropriated in support of such institution. Rev. Codes, sec. 521, provides:

"The treasurer of the board of trustees shall pay out of such funds all orders or drafts for money to be expended

under the provisions of this chapter. Such orders or drafts shall be drawn by the state auditor on certificates of the secretary, countersigned by the president of said board of trustees, and approved by the state board of examiners. No such certificates shall be given except on accounts audited and allowed by said board of trustees.''

It will thus be seen that by the statute creating the board of trustees, their action in drawing against the funds appropriated for the support of said institution must be approved by the state board of examiners. In other words, the state auditor has no authority to draw a warrant, except upon a certificate of the secretary of the board of trustees countersigned by the president and approved by the state board of examiners; and the state board of examiners—under the provision of sec. 18, art. 4 of the constitution—have power to examine all claims against the state except salaries, etc.

We think, therefore, it clearly appears that while the statute expressly authorizes the board of trustees to sue and be sued, yet in an action for money they are parties to such suit in name only, and the suit in fact is a claim against the state. If so, then the only court having jurisdiction to try such case is the supreme court, and it follows that the district court had no jurisdiction. If the district court had no jurisdiction, then the complaint filed in this court fails to state a cause of action, for the reason that the cause of action stated is upon a money judgment rendered in the district court. This contention, we think, is further supported by the provisions of sec. 146, Rev. Codes, in which it is provided:

''It shall be the duty of the board to examine all claims against the state, except salaries and compensation of officers fixed by law. . . . . The board may approve or disapprove any claim or demand against the state, or any item thereof, or may recommend a less amount in payment of the whole, or any item thereof. . . . . But no claim shall be examined, considered or acted upon by said board, unless an account is filed, giving all the items of the claim, duly verified by the oath of the person presenting said claim, or his agent, as to

its correctness, and that the amount claimed is justly due, and receipted vouchers showing the payment of said money be filed with the claim.''

This section of the statute does not contemplate presenting to the board as a claim a judgment. This section must be taken and read in connection with sec. 18, art. 4 of the constitution, and when so read contemplates that all claims, except salaries and compensation of officers fixed by law, shall first be presented to the state board of examiners. (*Winters v. Ramsey,* 4 Ida. 303, 39 Pac. 193.) If by them disallowed, action may be brought in the supreme court of the state where a recommendatory judgment may be entered.

In the case under consideration it was the duty of the plaintiffs, if the board of trustees failed to allow their claim, to have presented the same to the state board of examiners; if there disallowed, then to have brought action in this court for a recommendatory judgment. (*Bragaw v. Gooding et al., State Board of Examiners,* 14 Ida. 288, 94 Pac. 438.)    In the latter case this court held:

''Neither can this court withdraw from the state board of examiners its power and authority under the constitution and statutes and confer such power upon the state auditor, or any other state officer.''

If, then, the contention of plaintiffs be correct, that a judgment may be obtained in the district court and such judgment presented to the state board of examiners, and the board is required to allow the same, then the authority conferred upon the state board of examiners, by the constitution, is denied them, and such authority may be exercised by the district court. This would be a power that the supreme court of the state cannot exercise. For these reasons we are of the opinion that both the motion and the demurrer must be sustained and that this action must be dismissed.

Sullivan, C. J., concurs.

Ailshie, J., dissents.