INTERSTATE CONST. CO., Limited, v. REGENTS OF THE
UNIVERSITY OF IDAHO.

(District Court, D. Idaho, C. D.   August 20, 1912.)

1. COLLEGES AND UNIVERSITIES (§ 10*)—STATE BOARD OF REGENTS—CON-
    TRACTS—LIABILITY TO SUIT.
    The Regents of the University of Idaho, created by an act of the terri-
    torial Legislature of January 30, 1889 (Laws 1888–89, p. 17), and made a
    body corporate, with power to make contracts, may be sued on its con-
    tracts in a court of general jurisdiction.
    [Ed. Note.—For other cases, see Colleges and Universities, Cent. Dig.
    §§ 29–31; Dec. Dig. § 10.*]

2. COURTS (§ 303*)—JURISDICTION OF FEDERAL COURTS—SUIT AGAINST STATE
    BOARD.
    A state may waive the privilege given it by the eleventh constitution-
    al amendment of not being subject to suit in a federal court, and
    does so as to a state board, where it creates it a body corporate, with
    power to sue and be sued generally.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 844, 844½; Dec.
    Dig. § 303.*
    What are suits against states within the meaning of Const. U. S.
    Amend. 11, see note to Murray v. Wilson Distilling Co., 92 C. C. A. 25.]

3. STATES (§ 208*)—COMPLAINT—SUFFICIENCY.
    The complaint in an action against a state board on a contract which
    was within the scope of its general authority is not required to antici-
    pate a defense of ultra vires.
    [Ed. Note.—For other cases, see States, Cent. Dig. § 199; Dec. Dig.
    § 208.*]

At Law.   Action by the Interstate Construction Company, Limited,
against the Regents of the University of Idaho.   On demurrer to com-
plaint.   Overruled.

C. J. Orland, for plaintiff.
Forney & Moore, for defendant.

DIETRICH, District Judge.   The plaintiff prays for judgment
against the defendant in the sum of $15,554.49, on account of the al-
leged breach of a contract entered into between the parties on the 24th
day of June, 1909, by which the plaintiff was to construct for the
defendant an addition to the administration building of the University
of Idaho.   By its demurrer the defendant asserts, first, that it is not
subject to the jurisdiction of this court; second, that there is a defect
of parties plaintiff; and, third, that the complaint does not state facts
sufficient to constitute a cause of action.

[1] 1. The defendant is a corporation created by the Legislature
of Idaho (Laws 1888–89, p. 17), and recognized by the Constitution of
the state, for the purpose of holding the property and administering
the affairs of the State University.   Its legal status, for jurisdictional
purposes, is discussed at some length, and defined, in a written opin-
ion filed in this court on September 8, 1908, in the case of Phœnix
Lumber Company, a Corporation, v. Regents of the University of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Idaho, 197 Fed. 425, and it is not thought necessary here to restate the law upon that head. However, while it was decided in that case that the court had jurisdiction, some new considerations are now advanced, and for that reason the point merits further discussion. There are two branches to the question as now presented. In the first place, assuming that the defendant is a corporation organized only to perform certain public functions of the state, and that it is therefore, in a sense, but an arm of the state, is it subject to the process of any court? And, in the second place. if it be held that it is subject to the process of the state courts, is it, in view of the eleventh amendment to the Constitution of the United States, amenable to the process of the federal courts?

Were it not for certain decisions of the Supreme Court of the state, rendered since the filing of the opinion in Phœnix Lumber Company v. Regents, etc., supra, it would be sufficient to say that the first phase of the question is ruled by that case. But, inasmuch as this court must follow the construction placed upon the Constitution and statutes of the state by the highest court of the state, respect must be had to the recent decisions of that tribunal. At the time the Phœnix Lumber Company decision was rendered, the Supreme Court of the state had entertained jurisdiction upon appeal of a suit similar thereto, but the decision was not thought to be conclusive, for the reason that the precise point was not raised. American Bonding Co. v. Regents of University, 11 Idaho, 163, 81 Pac. 604. By way of argument in the Phœnix Lumber Company Case, and as tending to support the view that it was the general policy of the state to permit corporate bodies having the management and control of public institutions to be sued in courts of law, reference was had to the charter provisions of certain of the educational institutions, including the two State Normal (Schools, in the case of each of which there is an express provision of law to the effect that they may sue and be sued. Thereafter, one of these schools, namely, the one at Albion, was drawn into litigation, the final upshot of which was that the Supreme Court of the state held that the corporate body having control of the school could not be sued in a court of general jurisdiction, and that the only remedy of a contractor was to seek a recommendatory judgment in the Supreme Court of the state under the provisions of section 10 of article 5 of the Constitution, which provides that:

"The Supreme Court shall have original jurisdiction to hear claims against the state, but its decision shall be merely recommendatory; no process in the nature of execution shall issue thereon; they shall be reported to the next session of the Legislature for its action."

And it was further held that the statutory language, providing that the "Board of Trustees [of the Albion Normal School] may sue and be sued," was subject to the limitations of this constitutional provision. Thomas v. State, 16 Idaho, 81, 100 Pac. 761. If this decision stood alone, I should have no hesitation in reaching the conclusion that the application of the principle upon which it rests requires that it be held that the defendant here is exempt from ordinary judicial process. But later the Moscow Hardware Company, a corporation,

having a claim against the Regents of the University, apparently assuming that, under the Thomas decision, its only remedy was an application to the Supreme Court for a recommendatory judgment, under the constitutional provision above quoted, filed its petition in the Supreme Court, and thereafter, upon a reference, the evidence was reported, whereupon the Supreme Court, of its own motion, held that it was without original jurisdiction in the premises, and that the constitutional provision did not apply. Moscow Hardware Co., Ltd., v. Regents of the University of Idaho, 19 Idaho, 420, 113 Pac. 731. Unfortunately there is, in the majority opinion, no reference to the Thomas Case, and it is not distinguished or expressly overruled; but counsel have not attempted to reconcile the two cases, and I have not been able to do so. The cause of action here presented is, from a legal standpoint, identical with that involved in the Moscow Hardware Company Case, and in the majority opinion there it is said:

"Although the question of the jurisdiction of this court to hear and determine this case is not raised, it is clear that this court has no jurisdiction to render a recommendatory judgment herein. * * * Under the provisions of section 3 of an act of the territorial Legislature approved January 30, 1889, entitled 'An act to establish University of Idaho,' the Board of Regents was made a body corporate by the name of 'The Regents of the University of Idaho,' and under the provisions of section 10, art. 9, of the Constitution of the state, the regents have the general supervision of the University and control and direction of all of the funds of, and appropriations to, the University, under such 'regulations as may be prescribed by law.' The Board of Regents is a body corporate, and when it enters into a contract for the erection of buildings, if it fails to comply therewith, an action may be maintained against it to compel it to do so, which action may be prosecuted in the district court. Under the foregoing provisions of the Constitution and statutes, there can be no doubt but that the Board of Regents is a body corporate, and may sue and be sued, and that, when they enter into a contract, they are liable to the process of the district court the same as any other corporation organized under the laws of the state."

It will thus be seen that the conclusion of the Supreme Court in its most recent decision is identical with that announced by this court in the Phœnix Lumber Company Case, supra, and therefore furnishes no reason why we should now adopt a different view.

[2] Passing to the other branch of the jurisdictional question, the language of the eleventh amendment is that:

"The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the states by citizens of another state, or by citizens or subjects of any foreign state."

The defendant, in response to the process of this court, appeared upon the 13th day of November, 1911, and filed simultaneously a demurrer and a motion. As already indicated, the demurrer not only asserts want of jurisdiction, but puts forward other objections to the complaint, and by its motion the defendant seeks to have stricken from the complaint several different paragraphs thereof. It is confidently argued upon behalf of the plaintiff that, by raising other questions and making other objections than those which relate to the jurisdiction, the defendant has waived the jurisdictional question, which relates, not to the subject-matter, but to the per-

son of the defendant alone, and, under the authorities, the point would seem to have much merit. St. Louis & San Francisco R. Co. v. McBride, 141 U. S. 127, 130, 11 Sup. Ct. 982, 35 L. Ed. 659; Texas & Pacific R. R. Co. v. Cox, 145 U. S. 603, 12 Sup. Ct. 905, 36 L. Ed. 829. However, I am reluctant to hold that the right of the defendant, if any there be, to claim exemption from the process of this court, has been waived in this manner, and, without deciding, I shall assume that it has all the rights which it had when the action was commenced.

But has it not waived the exemption provided by the eleventh amendment in another way? It is familiar law that a sovereignty may forego its privilege and consent to be sued. Such consent may be limited, as where the right is conferred upon claimants to wage their claims against the state in some designated tribunal created exclusively for that purpose, or the consent may be general, as where it is provided that it may be sued in courts of general jurisdiction, as are natural persons, and private corporations. It might have been provided by the Legislature that the Regents of the State University could be sued in the state courts of general jurisdiction, but not in the federal courts, or in the federal courts, and not in the state courts, or exclusively in some special tribunal of limited jurisdiction. In short, the whole matter is within the discretion of the state, as to whether it will permit itself to be sued at all, and, if at all, in what tribunals. As we have already seen, under the construction placed upon the Constitution and statutes of the state by the highest court thereof, "the Board of Regents is a body corporate, and may sue and be sued, and that when they enter into a contract they are liable to the process of the district court the same as any other corporation organized under the laws of the state."

While the phrase "district court," as here used, doubtless refers to the state district court, it is not thought that the Supreme Court intended to limit the rights of contractors to the state tribunals. The state district court was referred to, because it is the court of original general jurisdiction in the state. The holding of the Supreme Court seems to be that the defendant, a body corporate, may sue and be sued as any other corporation organized under the laws of the state. In that view, the sovereign has consented that, in so far as it is represented by the "Regents of the University of Idaho," it may be sued in this court. Beers v. Arkansas, 20 How. 527, 529, 15 L. Ed. 991; Clark v. Barnard, 108 U. S. 436, 447, 2 Sup. Ct. 878, 27 L. Ed. 780; Railway Co. v. Whitton, 13 Wall. 270, 286, 20 L. Ed. 571; Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 391, 14 Sup. Ct. 1047, 38 L. Ed. 1014; Smyth v. Ames, 169 U. S. 466, 516, 18 Sup. Ct. 418, 42 L. Ed. 819; Smith v. Reeves, 178 U. S. 436, 440, 20 Sup. Ct. 919, 44 L. Ed. 1140. Accepting as correct the construction placed upon the Constitution and statutes by the Supreme Court of the state, it is not apparent how we can, with propriety, decline to take jurisdiction of the plaintiff's claim.

2. The second objection raised by the demurrer is a defect of parties; the point being that in the contract sued upon, a copy of which is attached as an exhibit to the complaint, the Interstate Construction Company is designated as a corporation, whereas by the first paragraph of the complaint it is alleged that it is a special and limited copartnership, organized under the laws of the state of Michigan. At the oral argument it was suggested by counsel for the plaintiff that the inconsistency had first been called to his attention by the demurrer, and he desired leave to amend by interlineation upon the face of the complaint, and such leave will be granted.

[3] 3. The third objection is that the complaint does not state facts sufficient to constitute a cause of action against the defendant. The reasoning in support of the objection is, in brief, that, the corporate powers of the defendant being limited, to state a cause of action against it, it is requisite that the plaintiff affirmatively show by its complaint that the moneys required to discharge the obligation arising out of its contract with the plaintiff were, under the law, available for that purpose at the time the contract was executed. In support of the argument reference is made to the case of Moscow Hardware Company v. Regents, supra, where, in the course of the opinion, it was said:

"In entering into said contracts—that is, for the construction of the Agricultural Building and the foundation of the Administration Building—the Board of Regents had no authority to carry an indebtedness against the state which the Board of Regents had not the funds to pay. They have no authority whatever to incur any indebtedness against the state, directly or indirectly, in the erection of University buildings for which they have no funds to pay. They have no authority to erect a building with the hope or expectation of thereafter securing appropriation from the Legislature or a recommendatory judgment from this court."

To what extent, if at all, this principle should be held to conclude the rights of the plaintiff, cannot, in my judgment, be properly decided at the present time. The complaint states a cause of action. It was within the general scope of the authority of the defendant to erect the building, and hence to enter into a contract like that referred to in the complaint. The demurrer, therefore, is, in effect, a plea of ultra vires. Usually, where the transaction pleaded is within the general scope of the authority of the defendant, ultra vires is a defense, to be pleaded and proved by the defendant, and need not be anticipated and avoided by the plaintiff. There are cogent reasons for such a rule; but they need not be stated, because the rule is well settled. The contract, therefore, being within the general scope of the authority of the Regents, if, for some special reason, or if, because of the existence of some special conditions, they were unauthorized to enter into such contract, they may plead and prove the same as a defense to the action.

The demurrer will therefore be overruled, except as to the second point, and in respect to that the plaintiff will be permitted to amend upon the face of the complaint.

It may be added that a motion to strike has been submitted, together with the demurrer; but, as I understand, it raises no questions other than those raised by the demurrer, and it will therefore be overruled.