Jones, J.
Section 16, Article I, of the State Constitution, as amended September 3, 1912, is as follows : “All courts shall be open and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by lazo.” The italicized portion of this section was the amendment thereto adopted on September 3, 1912. No legislative action has been taken authorizing suits against the state in pursuance of that amendment.
It is now contended by counsel for plaintiffs in error that, until legislative action is taken prescribing the courts and manner in which suits may be brought, the state is amenable to suit; that the right to sue the state becomes Operative immediately and is not in abeyance, awaiting legislative consent.
It is a fundamental principle of law that the state, as a sovereign, is not liable to be sued in its own courts without its express consent. It is maintained, however, that the constitutional amendment above quoted has given that consent. Related provisions of the Wisconsin Constitution are as follows : “The legislature shall direct by law in what *515 manner and in what courts suits may be brought against the state.” Similar provisions are found in the Constitutions of Alabama, Arkansas, Kentucky and Washington, but in all of these states their several courts have held that, under constitutional provisions of that character, actions cannot be maintained against the state in its own courts unless such are authorized by legislative action; that such provisions are not self-executing in character. Chicago, Milwaukee & St. Paul Ry. Co. v. State, 53 Wis., 509; Turner v. State, 27 Ark., 337; Beers v. Arkansas, 20 How., 527; Ex parte Greene, 29 Ala., 52; Northwestern & Pacific Hypotheek Bank v. State, 18 Wash., 73; Title Guaranty & Surety Co. v. Guernsey, 205 Fed. Rep., 94, and Tate, Treas., v. Salmon, 79 Ky., 540.
Some of these as well as other cases cited hereafter in the opinion are also authority for the principle that though legislative consent may have been authorized for the bringing of such suits, such consent may be later withdrawn by the legislature, even though liability accrued while the consenting statute was in force.
It is difficult to perceive any material difference between the provision of the present Ohio Constitution and those of the state constitutions above named. If the Ohio provision had read “suits may be brought against the state,” without further qualification, there might be some reason for the. contention made, but it is evident that there has been attached to the consent given a qualification and condition which authorizes such suits to be brought only in such courts, and in such manner as “may be *516 provided by law,” and until a statute has been enacted no such suit may be brought against the state.
Section 22, Article VI, of the Nebraska Constitution, is but very little different from our own. It provides that “The state may sue and be sued, and the legislature shall provide by law in what manner and in what courts suits shall be brought.” The supreme court of Nebraska held that this provision was not self-executing; that legislative action was necessary to. make it available; and apparently made no distinction in that regard between the Nebraska Constitution and the constitutions of the various states heretofore noted. State v. Mortensen, 69 Neb., 376-386.
This provision of the Ohio Constitution, however, and the provisions of the California and Tennessee Constitutions are in haec verba, which latter constitutions were adopted and in force and construed by their several courts long prior to the adoption of the Ohio amendment in 1912. And inasmuch as this state adopted the language of those earlier constitutions it may be presumed that the constitutional convention at the time knew of the construction given them by their respective courts. The Constitutions of California, both that of 1849 and that of 1879, contained the following provision: “Article XX, Section 6. Suits may be brought against the State in such manner and in such courts as shall be directed by law.” The courts of California held that under such provision, in the absence of an enabling statute, the state cannot be sued. They so held at times when each of *517 the above constitutions was in force in that state. (People v. Talmage, 6 Cal., 256; People v. Miles, 56 Cal., 401, and Melvin v. State, 121 Cal., 16.) A similar construction has also been given to this provision in the Constitution of California by a federal court, in Galbes v. Girard et al., 46 Fed. Rep., 500, where it was held: “Cons’t. Cal. Art. 20, Sec. 6, provides that ‘suits may be brought against the state in such manner and in such courts as shall be directed by law;’ but, where no law has been passed by the state authorizing such suits, a motion to dismiss as to the state in a suit in which the state is made a party defendant, must be sustained.”
The related provisions of the Tennessee Constitutions adopted in 1834 and 1870 are similar to our own. Section 17, Article I, of the Tennessee Bill of Rights, provides: “All courts shall be.open; and every man, for an injury done in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the state in such manner and in such courts as the legislature may by law direct.” Under this provision of the Tennessee Constitution the supreme court of that state holds in the syllabus in the case of General Oil Co. v. Crain, 117 Tenn. (9 Cates), 82: “The constitutional provision that suits may be brought against the State in such manner and in such courts as the legislature may by law direct is not self-executing.” That provision of the Tennessee Constitution was also construed by the supreme court of the United States in Railroad Co. v. Tennessee, 101 U. S., 337. In this case the *518 statute had been passed by the state granting its consent to the bringing of the suit in question, and while such statute was in force the liability accrued. Before the suit was brought the consenting statute was repealed. Plaintiff was denied relief under the provisions of the Tennessee Constitution by both state and federal courts.
We, therefore, hold that the provision of the Ohio Constitution above noted is not self-executing, and that legislative authority by statute is required as a prerequisite to the bringing of an action against the state in its own courts. In each case the judgments of the court of common pleas and the court of appeals are affirmed.

Judgments affirmed.

Nichols, C. J., Wanamaker, Newman, Matthias, Johnson and Donahue, JJ., concur.