### RAE v. LUZERNE COUNTY.
#### No. 2479.

District Court, M. D. Pennsylvania.
May 24, 1932.

Thorp, Bostwick, Stewart & Reed, of Pittsburgh, Pa., and Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for plaintiff.

Frank J. Williams, R. L. Coughlin, Raymond Livingston, and Richard B. Sheridan, all of Wilkes Barre, Pa., for defendant.

JOHNSON, District Judge.

This is an action of assumpsit to recover $211,565.07 with interest thereon from October 26, 1926, composed of the balance claimed to be due the plaintiff on a contract for the construction of the Market Street Bridge connecting the city of Wilkes Barre with the borough of Kingston, Luzerne county, Pa., and amounts for extra work and damages for delay by the county.

The county of Luzerne filed an affidavit of defense raising questions of law and at the same time filed a motion to strike the plaintiff's amended statement of claim from the record on the ground that the amended statement of claim is defective and insufficient.

Argument was heard on the issue raised and briefs were submitted by counsel for both sides.

The principal objection raised by the defendant in its affidavit of defense is the failure of the plaintiff to submit his claims to the engineer for determination and decision in accordance with the provisions of article XXIII of the contract, which the defendant claims make the determination and decision of the engineer final and conclusive, and prevents a recovery by the plaintiff in the absence of such determination and decision by the engineer.

Article XXIII of the building contract is an arbitration agreement which reads as follows: "To prevent disputes and litigation the engineer, acting under authority of this contract, shall in all cases determine the classification, amount, quality and acceptability of the various kinds of work and materials which are to be paid for under this contract, shall determine every question in relation to the works and other construction and shall determine every question which shall arise relative to the fulfillment of this contract on the part of the contractor. His determination shall be final and conclusive upon the contractor and in case any question touching this contract shall arise between the par-

ties hereto, such determination and estimate shall be necessary before the contractor shall have the right to receive any money under this contract."

Counsel for the defendant has cited several decisions of the Pennsylvania Supreme Court which tend to support the defendant's contention, but the rule in the federal courts, which this court is bound to follow, is to the contrary. "Whether a general agreement to submit all controversies to arbitration and to abide by the award of the arbitrators is valid is a question of general law, on which the decisions of the United States Supreme Court, and not those of the state courts, are controlling in the federal courts." Haskell et al. v. McClintic-Marshall Co. et al. (C. C. A.) 289 F. 405. In the case of Gammino v. Inhabitants of Town of Dedham, 164 F. 593, 594, the Circuit Court of Appeals of the First Circuit held the following: "A provision of a contract for the construction of a sewer that, in case of any dispute arising, the engineer shall have the right to settle the same and to interpret the meaning of the specifications and contract, and that his decisions shall be final, does not deprive the parties of their right to a judicial construction of the contract after it has been performed, so far as such construction involves matters of law relating to the amount of compensation to which the contractor is entitled."

The arbitration clause in the above case reads as follows: "In case of any dispute arising the engineer shall have the right to settle the same, and he shall have the right to determine and interpret the meaning of these specifications and contract to be made under them, and all decisions of the engineer shall be final." To this the court said: "The jurisdiction of the engineer relates to disputes arising in the performance of the work which might prevent the work from progressing unless determined on the spot. The questions now presented are those which arose after the completion of the contract. The clause cannot be interpreted so as to deprive the parties of their rights to a judicial construction of the contract, so far as such construction involves matters of law relating to the present right of the plaintiff to maintain suit, and relating to the question whether the plaintiff has received such compensation as he was legally entitled to under the provisions of the contract and under the evidence as to the acts of the parties not in terms fully covered by the express provisions of the contract."

In the case of Mitchell v. Dougherty, 90 F. 639, the Circuit Court of Appeals of this, the Third, Circuit, held: "It is not competent for parties to a building contract to stipulate that any dispute arising between them, including questions not only as to the value or character of the work done, but also as to their legal rights under the contract, shall be submitted to the architects, whose decision shall be final; and such a stipulation will not oust the jurisdiction of the courts." On page 645 of 90 F., Dallas, Circuit Judge, said: "We have not felt called upon to discuss in detail the several Pennsylvania cases which have been urged upon our attention by the learned counsel for the defendant in error. The question before us is not as to the enforcement of the contract in accordance with the law of the place where it was made, but is as to whether a court of the United States should, because of the parties' agreement in advance to abstain from invoking its jurisdiction, refuse to enforce the contract at all. Upon this question the decisions of the supreme court of the United States are controlling, and they admit of but one conclusion. The judgment of the circuit court is reversed, and the cause will be remanded to that court, with direction to enter judgment for the plaintiff on the verdict."

Numerous other decisions of the federal courts could be cited in support of the proposition that a general arbitration clause in a building contract does not oust the jurisdiction of the federal courts, particularly where, as in this case, part at least of the claim of the contractor is based upon the illegal arbitrary action and negligence of the engineer, but a further discussion of the cases seems unnecessary. The affidavit of defense raising questions of law accordingly must be dismissed.

As to the defendant's motion to strike off plaintiff's statement of claim, it appears that some of the reasons advanced in support of this motion raise the same question raised by the affidavit of defense. The other reasons are not objections to the form of the statement, but to its insufficiency. These objections should be raised by a rule for a more specific statement and not by a motion to strike off. Rhodes v. Terheyden, 272 Pa. 397, 116 A. 364.

And now, May 24, 1932, the affidavit of defense raising questions of law is dismissed, and the motion to strike off plaintiff's statement of claim is refused.