DARBY et al. v. L. G. DE FELICE & SON, Inc. (Pennsylvania Turnpike Commission, third party defendant).

Civ. A. No. 10972.

United States District Court
E. D. Pennsylvania.

Oct. 20, 1950.

Lemuel B. Schofield, Philadelphia, Pa., for plaintiff.

Donald J. Farage, of Richter, Lord & Farage, Philadelphia, Pa., Frank A. Sinon (of Rhoads & Sinon), Harrisburg, Pa., for defendant.

Walter B. Gibbons, Philadelphia, Pa., for 3d party defendant.

WELSH, District Judge.

The plaintiffs brought the within action to recover damages for the alleged unlawful entry and negligent and unlawful conduct on their lands by the defendant. After filing an answer in which it denied liability, the defendant filed a third-party complaint against the Pennsylvania Turnpike Commission asserting that in the event the plaintiffs recover any judgment against the defendant the third-party defendant, the Pennsylvania Turnpike Commission, will be liable to the defendant for reasons which are stated in paragraph 2 of said third-party complaint. The Pennsylvania Turnpike Commission has appeared specially and filed a motion to dismiss the third-party complaint on the ground that it is immune from suit in this Court.

The argument of the Commission is that it is designated by the Act creating it an instrumentality of the Commonwealth of Pennsylvania, Act of May 16, 1940, P.L. (1941) 949, 36 P.S. 653 et seq.; that as such instrumentality of the Commonwealth of Pennsylvania it is not subject to suits brought against it without its consent by virtue of the Eleventh Amendment to the Constitution of the United States; that it has consented to be sued only in the proper courts at the county of Dauphin in the Commonwealth of Pennsylvania. 36 P.S. § 653e(c).

The argument, we think, stands or falls on the answer to the following interrogatory: "Is the Pennsylvania Turnpike Commission an instrumentality of the Commonwealth of Pennsylvania, i. e., an agency or department thereof, or a separate and distinct legal entity?" If it is an agency or department of the Commonwealth it is the Commonwealth itself and the third-party complaint must be dismissed for the waiver of sovereign immunity against suits consists in consent to suits brought against the Commission only in the Dauphin county courts. If it is a separate and distinct entity the immunity granted by the Eleventh Amendment does not attach for the Commission then is not the Commonwealth and said Commission is properly before the Court, notwithstanding the provision to the contrary in the Act of 1940 to the effect that suits shall be brought against the Commission only in the Dauphin county courts. That provision is ineffective because a State is without authority to deprive the federal courts of jurisdiction acquired by virtue of the Federal Constitution and Statutes. Louisiana Highway Commission v. Farnsworth, 5 Cir., 74 F.2d 910. See Barber Asphalt Paving Co. v. Morris, 8 Cir., 132

F. 945, 949, where it was stated: "The jurisdiction of the federal courts is granted to them by the Constitution and laws of the United States, and no state legislation may impair, restrict, or destroy it."

It will be observed that the Pennsylvania Turnpike Commission was designated by the state legislature an instrumentality of the Commonwealth of Pennsylvania. That designation is not binding upon this Court. A determination of the question of whether the Commission is an agency or department of the Commonwealth of Pennsylvania or a separate and distinct legal entity we feel depends in the last analysis upon the attributes or characteristics of the Commission as found in the various provisions of the Act of 1940.

We think the case of Hunkin-Conkey Construction Co. v. Pennsylvania Turnpike Commission, D.C., 34 F.Supp. 26, determines the question here presented. In that case the Court held that the Pennsylvania Turnpike created by the original Turnpike Act of 1937, Act of May 21, 1937, P.L. 774, 36 P.S. § 652a et seq., was a separate and distinct legal entity and not an agency or department of the Commonwealth of Pennsylvania. The court reached that conclusion by pointing out certain provisions in the Act of 1937 which in its opinion clearly indicated an intent on the part of the state legislature to create a separate and distinct legal entity. In summarizing these provisions the court in 34 F.Supp. at page 29 said: "The Pennsylvania Turnpike Commission has been given the power to create a fund through the pledging of its own credit to defray all and any expenses which it might incur, and the State has expressly denied its own financial responsibility in the undertaking. Furthermore, the Commission has been given the power to act through its own agents, subject only to supervision by the State in a few matters." The court further stated in 34 F.Supp. at page 29: "In addition, the Pennsylvania State Highway Commission, an agency of the State, existed at the time of the creation of the defendant Commission, and was qualified to carry out the duties of the defendant Commission. The fact that it was not designated to do so lends support to the contention that the Commonwealth of Pennsylvania desired to create an entity distinct and apart from itself for the purpose of constructing the turnpike." Finally, the court in 34 F.Supp. at page 29 concluded: "Taking into consideration all of the attributes of the Commission, it is my opinion that this suit has been instituted against a legal entity distinct from the Commonwealth of Pennsylvania and diversity of citizenship is present."

Since the provisions of the Act of 1937 relied on by the court in the case of Hunkin-Conkey Construction Co. v. Pennsylvania Turnpike Commission, supra, are present in the Act here involved, i. e., the Act of 1940, and since the Act of 1940 does not differ materially from the Act of 1937 we are of the opinion that the holding in said case is applicable to the instant case; and accordingly we hold that the Pennsylvania Turnpike Commission is a separate and distinct legal entity and is therefore subject to suit in this Court provided the requisite jurisdictional factors are shown. In passing it should be pointed out that one other very important provision of the Act of 1940 lends support to the conclusion that it was the intent of the state legislature to confer a wholly independent status upon the Commission. That provision relates to the express exemption of the functions and property of the Commission from taxation. 36 P.S. § 653m. Had the state legislature regarded the Commission as the Commonwealth itself it would have been utterly superfluous to give an express tax exemption.

Although no independent ground for jurisdiction need be shown to maintain a third-party action in a federal court as such an action is ancillary, Sussan v. Strasser, D.C., 36 F.Supp. 266; Barkeij v. Don Lee, Inc., (Barkeij) D.C., 34 F.Supp. 874; Gray v. Hartford Accident & Indemnity Co. (Robison) D.C., 31 F.Supp. 299, the instant third-party complaint does show the presence of federal court jurisdiction-diversity of citizenship, the third-party plaintiff being a citizen of the State of Connecticut and the members of the Pennsylvania

Turnpike Commission being citizens of the Commonwealth of Pennsylvania. Thomas v. Board of Trustees, 195 U.S. 207, 25 S. Ct. 24, 49 L.Ed. 160.

In conclusion, we hold that the Pennsylvania Turnpike Commission is a separate and distinct legal entity and is subject to suit in this Court. The motion to dismiss the third-party complaint is accordingly denied.

An order pursuant to the foregoing opinion will be entered.